IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES R. SCHULTZ,

                                          OPINION AND ORDER

                Plaintiff,

                                          10-cv-581-bbc

    v.

Warden PUGH, Security Director RICHARDSON,
Captain KASTEN, Correctional Officer ERIC JOHNSON,
Correctional Officer JOHN SEVERSON,
Unit Manager SWEENEY, UNIVERSITY OF WISCONSIN HOSPITALS,
JOHN DOE NO.1, JOHN DOE NO. 2 and JOHN DOE NO. 3,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff James R. Schultz filed this action in the Circuit Court for Chippewa County, Wisconsin, but some of the defendants removed the action to this court under 28 U.S.C. §§ 1441 and 1446. Plaintiff has filed a motion to remand the case to state court, along with an amended complaint. He argues that remand is required because "the state court is capable of addressing plaintiff's legal claims," defendants removed the case to obtain the benefit of screening under 28 U.S.C. § 1915 and the "majority" of plaintiff's claims are brought under state law.

       Plaintiff's first two arguments are irrelevant. Section 1441 gives defendants the right

1

to remove any case that could have been filed originally in federal court, regardless of the high quality of the state court or the reason the defendants removed the action.

With respect to the third argument, plaintiff may be relying on § 1441(c), which gives the district court discretion to "remand all matters in which State law predominates." Technically speaking, this argument requires me to look at plaintiff's original complaint rather than the amended complaint because "[t]he well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction." In re Burlington Northern Santa Fe Ry. Co., 606 F.3d 379, 380-81 (7th Cir. 2010). However, if the amended complaint would provide a basis for removal, but the original complaint would not, I may look to the amended complaint instead. City of Joliet, Illinois v. New West, L.P., 562 F.3d 830, 833 (7th Cir. 2009). In this case, it does not matter which complaint is controlling because a full remand would not be appropriate under either pleading.

In both his original and amended complaint, plaintiff raises many claims under federal law, including various provisions of the United States Constitution and the Americans with Disabilities Act. Plaintiff raises state law claims too, but that is not necessarily a reason to remand the whole case. Some of plaintiff's state law claims rely on *criminal* statues that cannot be enforced by private litigants in federal or state court. "Whether to prosecute and what charge to file or bring before a grand jury are decisions that

2

generally rest in the prosecutor's discretion." United States v. Batchelder, 442 U.S. 114, 124 (1979). See also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") Plaintiff is raising other claims under the Wisconsin Organized Crime Control Act. Wis. Stat. §§ 946.80-88. The law includes a private right of action, § 946.87(4), but this court may exercise jurisdiction over that claim under 28 U.S.C. § 1367 because it arises out of the same facts as plaintiff's federal claims.

The only claims that cannot be removed are those that plaintiff asserts under the Wisconsin Constitution. The state constitution does not authorize suits for money damages except in the context of a takings claim. W.H. Pugh Coal Co. v. State, 157 Wis. 2d 620, 634-35, 460 N.W.2d 787, 792-93 (1990) (holding that plaintiff could sue state for money damages arising from unconstitutional taking of property because article I, section 13 of the Wisconsin Constitution requires that state provide "just compensation" when property is taken); Jackson v. Gerl, 2008 WL 753919, *6 (W.D. Wis. 2008) ("Other than one very limited exception inapplicable to this case, I am not aware of any state law provision that allows an individual to sue state officials for money damages arising from a violation of the Wisconsin Constitution.") With respect to injunctive relief, sovereign immunity principles prohibit federal courts from enjoining state officials under state law. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984). Thus, if plaintiff wishes to assert a claim

3

under the state constitution, he must do so in state court.  Accordingly, plaintiff's claims under the Wisconsin Constitution must be remanded.

Although some of plaintiff's state law claims must be remanded, it does not follow that the entire case must be remanded.  "Federal law does not permit a district judge to remand the complete litigation just because portions belong in state court. . . . If some parts of a single suit are within federal jurisdiction, while others are not, then the federal court must resolve the elements within federal jurisdiction and remand the rest."  Bergquist v. Mann Bracken, LLP, 592 F.3d 816, 819 (7th Cir. 2010).  Accordingly, I will retain jurisdiction over the remaining claims.

ORDER

IT IS ORDERED that plaintiff James Schultz's motion to remand, dkt. #4, is GRANTED IN PART. Plaintiff's claims under the Wisconsin Constitution are REMANDED to the Circuit Court for Chippewa County, Wisconsin.  In all other respects, plaintiff's motion is DENIED.  Plaintiff's remaining claims will be screened under 28 U.S.C.

§ 1915 in a separate order.

    Entered this 27th day of October, 2010.

                                           BY THE COURT:
                                           /s/
                                           BARBARA B. CRABB
                                           District Judge